IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES J. KAUFMAN,

                                Plaintiff,

      v.

GARY H. HAMBLIN, KATHRYN ANDERSON,
KATHERINE NAGLE, DAVID L. WHITE,
EILEEN CLEAVER, DR. ROBERT DE YOUNG,
DANIELLE LA COST and AMY E. GLEISNER,,

                               Defendants.

ORDER

12-cv-87-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this lawsuit, plaintiff James Kaufman alleges that defendant prison officials violated his due process and equal protection rights by placing false information in his prison records and then failing to correct the false information when asked to do so by plaintiff. The information was used in Wis. Stat. Ch. 980 civil commitment proceedings against plaintiff and has resulted in his being denied parole and a transfer to minimum security custody. Plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and has made an initial partial payment of the $350 filing fee.

      Because plaintiff is a prisoner, I am required by the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In

1

addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously.  Haines v. Kerner, 404 U.S. 519, 521 (1972).

After reviewing plaintiff's allegations, I conclude that he has failed to state a claim upon which relief may be granted with regard to his claim that his due process rights were violated by the denial of his parole and transfer to minimum security status.  The rest of his claims are too undeveloped to satisfy Fed. R. Civ. P. 8.  Accordingly, he will be given a chance to submit a proposed amended complaint providing more detail on these claims.

In plaintiff's complaint, he alleges the following facts.

ALLEGATIONS OF FACT

Plaintiff James Kaufman is an inmate housed at the Stanley Correctional Institution. He is serving a sentence for first-degree sexual assault of a child for an offense that took place in July 1997.  From 1998 to 2007, plaintiff also served a sentence for possession of child pornography. Defendant Wisconsin Department of Corrections employees Robert DeYoung (a psychologist), Eileen Cleaver (a social worker), David White (a Chapter 980 review specialist) and Amy Gleisner (a probation/parole agent) placed numerous false pieces of information into plaintiff's offender record to the effect that he possessed child pornography while on probation, that he mailed pornography to another inmate while he was on probation and that he has sex offenses predating his convictions for sexual assault of a child and possession of child pornography.  Plaintiff alerted defendants to the fact that his record contains false material but they refused to correct it.  The false information was used to deny

plaintiff parole twice. The information was also included in an "End of Confinement Review Board" assessment, which was used to initiate civil commitment proceedings against plaintiff under Wis. Stat Ch. 980 and to block his transfer to minimum security custody.

OPINION

A. Due Process

To state a procedural due process claim, a prisoner must allege facts suggesting that he was deprived of a "liberty interest" and that this deprivation took place without the procedural safeguards necessary to satisfy due process. Sandin v. Conner, 515 U.S. 472, 483-84 (1995). State laws may create liberty interests, but those interests are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 478. In the indeterminate sentencing regime under which plaintiff was convicted, prisoners with fixed terms have a presumptive entitlement to parole after serving two-thirds of their sentences, which creates a liberty interest in parole. Grennier v. Frank, 453 F.3d 442, 444 (7th Cir. 2006).

However, plaintiff cannot sustain a due process claim with regard to his parole because it is barred by Heck v. Humphrey, 512 U.S. 477 (1994). Heck bars claims for damages under § 1983 that would necessarily invalidate a confinement imposed by a legal process, such as a parole board hearing. Edwards v. Balisok, 520 U.S. 641, 645 (1997). Heck bars plaintiff's claim because a finding that prison officials deprived him of a protected liberty interest in mandatory parole would necessarily imply that the decision to continue

his confinement was invalid. E.g., Brown v. Hackbarth, 445 Fed. Appx. 865, 867 (7th Cir. 2011). His challenge to the actions of the officials must be raised in a challenge to his parole board proceedings. Only if those proceedings are overturned would he have a right to bring his due process claim in this court.

Plaintiff's claims regarding Chapter 980 proceedings and transfer to minimum security status are relatively undeveloped, but I understand him to be alleging that false information was included in an assessment report that led to the initiation of Chapter 980 proceedings against him and that the report was used to block his transfer to minimum security status. Plaintiff cannot proceed on a claim regarding transfer to this status because he has no liberty interest in minimum security status. Whitford v. Boglino, 63 F.3d 527, 532 (7th Cir. 1995); see also Manus v. Allen County Community Corrections, 2005 WL 1172872, *2 ("[plaintiff] had no constitutionally protected liberty interest in his minimum security classification, so prison officials could transfer him to a higher security facility for whatever reason or for no reason at all") (internal quotation omitted).

As for his claim regarding Chapter 980 proceedings, an inaccurate report is not sufficient to state a due process claim. Plaintiff fails to explain how he has been deprived of due process. Wis. Stat. § 980.03 states that persons subject to a Chapter 980 petition have the rights to "present and cross-examine witnesses" and "have the hearing recorded by a court reporter," among others, but plaintiff does not allege that he failed to receive any process he was due or even that he has had a hearing yet.

Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement

of the claim showing that the pleader is entitled to relief." This means that "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007). Plaintiff's failure to provide more detail about his claim makes it impossible to tell whether he may be able to state a claim upon which relief may be granted. Accordingly, I will give him an opportunity to submit an amended complaint in which he provides more detail about this claim, taking care to describe what has occurred in his Chapter 980 proceedings.

B.  Equal Protection

Plaintiff attempts to argue that defendants' actions violated his Fourteenth Amendment right to equal protection, but this claim is undeveloped. The Fourteenth Amendment stands for the proposition that "all persons similarly situated should be treated alike." City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 439 (1985). However, plaintiff does not allege that he was treated less favorably because he belongs to a particular group or that he was "singled out" irrationally in a way that might support a "class of one" claim. Although plaintiff's chance of stating any equal protection claim appears unlikely at this point, I am already giving plaintiff a chance to submit an amended complaint on one of his due process claims. Therefore, I will extend him that same opportunity on his equal protection claims.

ORDER

IT IS ORDERED that

1. Plaintiff James Kaufman is DENIED leave to proceed on his claims that his due process rights were violated when he was denied parole and blocked from transfer to minimum security status.

2. Plaintiff's complaint is DISMISSED regarding the remainder of his claims for violation of Fed. R. Civ. P. 8. Plaintiff may have until July 20, 2012, to submit a proposed amended complaint. If plaintiff fails to respond by that date, the clerk of court is directed to close this case for plaintiff's failure to prosecute. If plaintiff submits a revised complaint by that date, I will take it under advisement for screening.

Entered this 2d day of July, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge